KEITH H. RUTMAN, CSB #144175
Attorney at Law
501 West Broadway, Ste. 1650
San Diego, California 92101-3541
Telephone: (619) 237-9072
Facsimile: (760) 454-4372
email: krutman@krutmanlaw.com

Attorney for Defendant
BEELAY SANCHEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Hon. Cynthia A. Bashant)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-2692-BAS |
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | |
| BEELAY SANCHEZ, | DATE: 10/16/17 @ 9:00 a.m. |
| Defendant. | |

TO PLAINTIFF UNITED STATES OF AMERICA, BY AND THROUGH ITS ATTORNEYS OF RECORD

Defendant BEELAY SANCHEZ, by and through her attorney of record, hereby submits her Sentencing Memorandum and Request for Departure in anticipation of her upcoming sentencing hearing.

For the reasons set forth herein, Ms. SANCHEZ requests that the Court sentence her to a 12 month split sentence followed by 3 years supervised release, no fine and a $100 Penalty Assessment.

## INTRODUCTION

BEELAY SANCHEZ is a 41 year old dedicated single mother of 4 children, 1 of whom is an adult and 3 of whom are young children. While she has been arrested, she was never charged (PSR ¶ 34-36) or sent to jail, much less prison.

In desperation over her limited financial resources and due to her poor psychological state, she succumbed to pressure and agreed to drive an unspecified controlled substance into the United States using her own car. Regrettably, her

children were with her. She has no explanation for that lapse in judgment, and regrets it every day.

## 1. SENTENCING MEMORANDUM

As there are no ex post facto issues, the November 1, 2016 version of the Sentencing Guidelines is applicable to the instant offense. §1B1.11(a) "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S. v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir. 1994).

The Court should apply the Guidelines analysis set forth in Ms. SANCHEZ' Sentencing Summary Chart and sentence her accordingly.

**A Minor Role Adjustment Is Appropriate**

Ms. SANCHEZ recognizes that a downward adjustment for a courier is not automatic, but "is inherently fact-bound and largely committed to the discretion of the trial judge." United States v. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991).

In U.S. v. Hurtado, 760 F.3d 1065 (9th Cir. 2014), the Court validated the approach this Court has traditionally taken. The Court stated:

> A minor participant is "substantially less culpable than the average participant." (Citation) The guidelines recognize that, in some circumstances, a courier may play a minor role, but we have already held that simply being a courier does not automatically entitle a defendant to the minor role adjustment. (Citations)
>
> . . . The district court also properly considered the facts of the crime and the totality of the circumstances. (Citation) It properly considered the quantity of drugs, the amount paid to Hurtado, and the fact that he allowed the truck to be registered in his name. Any of these facts alone may justify denial of a minor role. (Citations)
>
> This is not to say that some other courier in some other case might not be eligible for a minor role adjustment. . . .
>
> United States v. Hurtado, supra, at 1068-1069.

"When a district court conducts an assessment of whether a defendant should receive a role reduction, the defendant is to be compared with the other participants in the crime, not with a hypothetical average participant. U.S. v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016).

In this instance, while the quantity of drugs was significant, Ms. SANCHEZ was not paid in advance. She did not know the type or quantity of drugs involved. She used her own car; it was not purchased for her. While her children were present, she did not bring them to divert suspicion; rather, she was taking them to school as she normally did. Importantly, she was the victim of emotional or psychological manipulation which led her to commit this offense.

## 2. REQUEST FOR DEPARTURE(S)/VARIANCES

Ms. SANCHEZ requests a total departure of 4 points for fast track, as called for by the plea agreement.

### Totality Of The Circumstances

In U.S. v. Cook, 938 F.2d 149 (9th Cir. 1991), the Ninth Circuit held that "a unique combination of factors may constitute the `circumstance' that mitigates." See also U.S. v. Lam, 20 F.3d 999, 1003-5 (9th Cir. 1994) see U.S. v. Williams, 65 F.3d 301, 309-310 (2d Cir. 1995) ("we wish to emphasize that the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process . . . In areas where the Sentencing Commission has not spoken . . . district courts should not hesitate to use their discretion in devising sentences that provide individualized justice"); U.S. v. Jones, 460 F.3d 191 (2nd Cir. 2006) (where defendant convicted of felon in possession and possession of firearm and guidelines were 36 months, district court properly imposed non-guideline sentence of 15 months when he considered his own sense of was fair and just. "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in § 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence "under all the circumstances. That is the historic role of sentencing judges and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.")

In this case, even if the Court were to determine that no one circumstance, by

itself, justifies a departure, the Court should still grant a departure when considering them in combination.

**Defendant Had Either No Knowledge Of, or Control Over, the Amount of Drugs**

see U.S. v. Mendoza, 121 F.3d 510 (9th Cir. 1997)(district court has discretion to depart where the defendant had no knowledge of or control over the amount or purity of the drugs); U.S. v. Chalarca, 95 F.3d 239, 245 (2d Cir. 1996)(upholding a downward departure when the district court found the defendant had no knowledge of any particular quantity of cocaine and no particular quantity was foreseeable to him in connection with the conspiracy of which he was a member); U.S. v. Jaber, 362 F.Supp.2d 365 (D. Mass. 2005)(departure from 57 months to probation proper in meth conspiracy in part because defendant "was [merely] a functionary. Although his responsibilities were growing, he still did not take a profit; he was on salary. He had even less control over the direction of the enterprise than [the codefendant] He took orders from [the codefendant] The amount of pseudo ephedrine that passed through his hands reflects someone else's decisions, not his own.").

**5K2.20. Aberrant Behavior**

(b) The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

An aberrant behavior departure is prohibited under subsection (c), if, inter alia, "(3) The instant offense of conviction is a serious drug trafficking offense." A "serious drug trafficking offense" means any controlled substance offense under title 21 that provides for a mandatory minimum sentence of five years or more, regardless of whether the defendant is safety valve eligible. Ms. SANCHEZ submits this offense is not a "serious drug trafficking offense" because she is not subject to a minimum mandatory sentence based upon the way the Government charged her.

4

Under 5K2.20(b), the Court may depart downward "only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."

See United States v. Lam, 20 F.3d 999, 1003 (9th Cir. 1994) (discussing cases). When departing for aberrant behavior, the district court may consider the singularity or spontaneity of the accused's conduct, and any surrounding extenuating circumstances. United States v. Green, 105 F.3d 1321, 1323 (9th Cir. 1997)("An aberrant behavior departure focuses "on a defendant's motivations and any surrounding extenuating circumstances."). The Ninth Circuit has "not required that the behavior be a single spontaneous or thoughtless act involving no planning," but it has "to some extent relied on the concept of 'singularity or spontaneity.'" Id. Furthermore, the Ninth Circuit has approved of aberrant behavior departures of up to "5 levels." Id.

Ms. SANCHEZ's actions in this case constitute aberrant behavior for which a downward departure is warranted. While the "absence of criminal history is not synonymous with aberrant behavior," id., Ms. SANCHEZ record should, initially, be noted. More importantly, although not required, her actious in this case possessed the qualities of singularity and spontaneity. She did not undertake any extensive planning. Moreover, in committing the offense, she was not motivated by greed. See United States v. Takia, 941 F.2d 738, 741 (9th Cir. 941). For these reasons, an aberrant behavior departure is warranted.

No evidence indicates that Ms. SANCHEZ has ever attempted to cross contraband into the United States prior to this incident. She intended to make this single attempt only. Moreover, she did not participate in the offense except as the driver.

No evidence demonstrates that she played a continuing role in any on-going scheme to smuggle narcotics into the United States. The facts show that at the time of the offense she was a law-abiding individual who eventually succumbed to repeated

5

entreaties and made a spur of the moment decision to cross contraband because of her psychological state.

## CONCLUSION

This is a tough case. A substantial quantity of drugs were involved. A message needs to be sent. On the other hand, Ms. SANCHEZ is not the proper messenger. She is a good, hardworking woman who has been through a lot and made a horrible mistake. She regrets it, and punishes herself, every day. She does not wish to see her children suffer by her extended absence, but is prepared for that possibility. Fortunately, she has strong family support.

The primary mandate of § 3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing in 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation. This primary mandate sets an independent limit on the sentence the Court may impose. See U.S. v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989)   "Consideration of the § 3553(a) factors is not a cut-and-dried process of fact-finding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts."  U.S. v. Fernandez, 443 F.3d 19, 29 (2nd Cir. 2006).

In light of the factors outlined in § 3553(a), including the nature and circumstances of the offense and the character of Ms. SANCHEZ, she requests that the Court sentence her to a 12 month split sentence followed by 3 years supervised release, no fine and a $100 Penalty Assessment.

Such a sentence reflects the seriousness of the offense while at the same time accounts for her individual circumstances.

Respectfully Submitted,

Dated: September 26, 2017

s/ Keith H. Rutman
KEITH H. RUTMAN
Attorney for Defendant
BEELAY SANCHEZ
Email: krutman@krutmanlaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 26, 2017 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of California, using the electronic case filing (ECF) system of the Court, and thereby served it on all counsel of record in this case.

Dated: September 26, 2017        s/ Keith H. Rutman
                                 KEITH H. RUTMAN
                                 Attorney for Defendant
                                 BEELAY SANCHEZ
                                 Email: krutman@krutmanlaw.com

Case 3:16-cr-02692-BAS   Document 44   Filed 09/26/17   PageID.136   Page 8 of 8